STEVEN TROLARD    Bar No. 192588
STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation
100 East Thousand Oaks Blvd., Suite 188
Thousand Oaks, Ca 91360
Phone: 805-495-8199
Fax: 805-495-8299
e-mail No.: steven@trolard.com
Attorney for Plaintiffs, Stephanie and David Bower

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEPHANIE BERNICE BOWER and<br>DAVID ALLEN BOWER<br><br>Debtors,<br><br>SSN: XXX-XX-2616<br>SSN: XXX-XX-8940<br><br>_____<br><br>STEPHANIE BERNICE BOWER and<br>DAVID ALLEN BOWER<br><br>Plaintiffs,<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION;<br><br>Defendant.<br>_____ | Chapter 13<br>Case No.: 1:11-bk-21199-VK<br><br>**COMPLAINT BY DEBTORS, STEPHANIE BOWER AND DAVID BOWER TO:**<br><br>**1. ESTABLISH THE VALUE OF THE DEBTOR'S RESIDENCE;**<br><br>**2. DETERMINE THE AMOUNT AND EXTENT OF THE FIRST DEED OF TRUST IN FAVOR OF SAXON MORTGAGE SERVICES, INC.; AND**<br><br>**3. DETERMINE THE AMOUNT AND EXTEND OF THE SECOND DEED OF TRUST IN FAVOR OF NAVY FEDERAL CREDIT UNION; AND**<br><br>**4. AVOID AND REMOVE THE UNSECURRED AMOUNT OF THE SECOND DEED OF TRUST IN FAVOR OF NAVY FEDERAL CREDIT UNION** |

1

Plaintiffs and Debtors, STEPHANIE BERNICE BOWER and DAVID ALLEN BOWER, hereby alleges as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28. U.S.C. ss 157 and 1334, and the Standing Order of reference of the Chief Judge of the United States District Court for the Central District of California dated July 20, 1984. Plaintiffs are the Debtors in this matter and the complaint asserts causes of action owned by the Plaintiffs.

2. This proceeding is a core proceeding. To the extent that this adversary proceeding is deemed a non-core proceeding, Plaintiffs and Debtors consent to the entry of a final order and judgment by this Bankruptcy Court.

3. Plaintiffs, STEPHANIE BOWER AND DAVID BOWER, are individuals residing in the Central District of California. Accordingly, venue is proper in the Central District of California.

4. Defendant, NAVY FEDERAL CREDIT UNION, (hereinafter "NAVY"), is a corporation doing business in the Central District of California. Accordingly, venue is proper in the Central District of California.

5. Plaintiffs filed this Chapter 13 proceeding on September 20, 2011.

6. ELIZABETH ROJAS is the duly appointed and qualified Chapter 13 Trustee in this case.

7. As reflected in the bankruptcy schedules filed herein, Plaintiff's primary residence is located at 2827 TIFFANEY LANE, SIMI VALLEY, CALIFORIA 93063, County of Ventura, (hereinafter referred to as the "Property"). The legal description of the property is as follows: Lot 32, Tract 220701, City of Simi Valley, County of Ventura, State of California,

Reference: 068mr 091, Assessor's Parcel Number 611-0-141-145, wherein plaintiffs own a 100% fee title interest in the Property.

### FIRST CLAIM FOR RELIEF:
### TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF THE FIRST DEED OF TRUST OF SAXON MORTGAGE SERVICES, INC., (11 U.S.C. SECTION 506(A))

8. Plaintiffs reassert, reallege and incorporate herein by reference each and every allegation contained in all the preceding paragraphs as though set forth in full.

9. Plaintiffs estimate the value of the Property on *Schedule A-Real Property* at $475,000, ( a true and correct copy of Schedule A is attached hereto as Exhibit A). Additionally, at the commencement of this proceeding, Plaintiffs purchased an appraisal of the Property from Daniel Rocha, located at 6172 Fremont Circle, Camarillo, CA 93012, telephone: 805-469-3088, a true and correct copy of which is attached hereto along with the Declaration of Daniel Rocha, as Exhibit B. Said appraisal found that the actual fair market value for the Property is $475,000.00.

10. Plaintiff's ownership interest in the Property is subject to a First Deed of Trust (the "First Trust Deed") in favor of SAXON MORTGAGE SERVICES, INC., with a balance scheduled by the Debtors in the amount of $614,434.71. Attached hereto as Exhibit C is a true and correct copy of the SAXON statement for that loan, number xxxx-5905, dated August 16, 2011, reflecting a current principal balance of $614,434.71.

### SECOND CLAIM FOR RELIEF:
### TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF THE SECOND DEED OF TRUST OF DEFENDANT, NAVY FEDERAL CREDIT UNION (11 U.S.C. SECTION 506(A))

11. Plaintiffs reassert, reallege and incorporate herein by reference each and every allegation contained in all the preceding paragraphs as though set forth in full.

Main Document    Page 4 of 7

12. Plaintiffs estimate the value of the Property on *Schedule A-Real Property* at $475,000.00 ( a true and correct copy of Schedule A is attached hereto as <u>Exhibit A</u>). Additionally, at the commencement of this proceeding, Plaintiffs purchased an appraisal of the Property from Daniel Rocha, located at 6172 Fremont Circle, Camarillo, CA 93012, telephone: 805-469-3088, a true and correct copy of which is attached hereto along with the Declaration of Daniel Rocha, as <u>Exhibit B.</u> Said appraisal found that the actual fair market value for the Property is $475,000.00.

13. Plaintiff's ownership interest in the Property is subject to a First Deed of Trust (the "First Trust Deed") in favor of SAXON MORTGAGE SERVICES, INC., with a balance scheduled by the Debtors in the amount of $614,434.00. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the SAXON statement for that loan, number xxxx-5905, dated 08/16/2011, reflecting a current principal balance of $614,434.71. Plaintiff's ownership in the Property is also subject to a Second Deed of Trust (the "Second Trust Deed") in favor of NAVY FEDERAL CREDIT UNION, with a balance scheduled by the Debtors in the amount of $42,428.60. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the monthly statement from NAVY FEDERAL CREDIT UNION, account number xxxx-3695, dated 08/05/2011, with a principal amount of $42,428.60.

14. Section 506 of the *Bankruptcy Code*, 11 U.S.C. section 506, *Determination of Secured Status,* states:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim the extent that the value of such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of

such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

15. Although Chapter 13 generally permits the modification of the rights of holders of secured claims, an exception is carved out for those claims secured only by a security interest in real property that is the debtor's principal residence. The Ninth Circuit, however, has established an exception to this exception. In the matter of <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 202), the Court explained "acclaim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. …[N]ot every claim that is secured by a lien on property will be considered a 'secured claim'. Here, it is plain that [the junior lien holder's] claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house." <u>Id.</u> at 223. The Court concluded: "In order to give effect to the definitions of secured and unsecured claims under section 506(a), we must conclude that the rights of a creditor holding only an unsecured claim [in the debtor's residence] may be modified under section <u>1322(b) (2)</u>." <u>Id. at 1227.</u>

16. As indicated above, the lien of SAXON secured by its First Deed of Trust on the Property had a balance shortly before the filing of this proceeding in the amount of $614,434.71. That amount exceeds the appraised fair market value of the Property as set forth in <u>Exhibit B</u> by $139,434.71. Accordingly, SAXON'S First Trust Deed on the Property is unsecured in the amount of $139,434.71; and NAVY FEDERAL CREDIT UNION'S Second Trust Deed on the Property is wholly unsecured in the amount of $42,428.60; and therefore the Second Trust Deed of NAVY FEDERAL CREDIT UNION, be avoided and stripped.

**THIRD CLAIM FOR RELIEF:
TO AVOID AND REMOVE THE UNSECURRED AMOUNT OF THE SECOND
DEED OF TRUST IN FAVOR OF NAVY FEDERAL CREDIT UNION.
(11 U.S.C. SECTION 506(A))**

17. Plaintiffs reassert, reallege and incorporate herein by reference each and every allegation contained in all the preceding paragraphs as though set forth in full.

18. As indicated above, the lien of SAXON, secured by its First Deed of Trust on the Property, had a balance shortly before the filing of this proceeding in the amount of $614,434.71. That amount exceeds the appraised fair market value of the Property as set forth in Exhibit B by $139,434.71. Accordingly, SAXON'S First Trust Deed on the Property is unsecured in the amount of $139,434.71; and the NAVY FEDERAL CREDIT UNION'S Second Trust Deed on the Property is wholly unsecured in the amount of $42,428.60. and therefore the Second Trust Deed of the NAVY FEDERAL CREDIT UNION, be avoided and stripped in its entirety.

WHEREFORE, Plaintiffs request that this honorable Court enter judgment in favor of Plaintiffs as follows:

    a. Establishing that the value of Plaintiff's personal residence is $475,000.00;

    b. Determining that the claim of SAXON, secured by its First Deed of Trust, is $614,434.71;

    c. Determining that the claim of the NAVY FEDERAL CREDIT UNION, secured by its Second Trust Deed, is an unsecured nonpriority claim in its entirety, to the extent that one is asserted at all;

    d. Holding that the Second Trust Deed of the NAVY FEDERAL CREDIT UNION, is avoided in its entirety; and

1  e.  For such other and further relief as the Court may deem appropriate.

3  Dated this 21st day of September 2011

STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation

By: /s/ Steven T
Steven Trolard
Attorney for Plaintiffs and
Debtors